## MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS V. CHRIS KEMENDO AND WIFE.

Decided January 5, 1910.

### 1.—Damages—Death of Minor Child—Charge.

A charge on the damages recoverable by parents for the death of their minor child, directing the jury, in arriving at such sum as would compensate them for their pecuniary loss thereby, "to take into consideration the reasonable value of the services of the child to the plaintiffs until he arrived at the age of twenty-one years" was erroneous in making the value of such service the measure of damages without deduction of the cost of maintenance and support during the time.

### 2.—Negligence—Moving Cars—Charge.

Where a child crawling under a train stopped over a street crossing was killed by the movement of engine after uncoupling the cars so as to open the crossing, a charge that defendant was negligent if the conductor in charge of its train failed to use ordinary care to ascertain whether any one was in danger of injury before moving the cars, was erroneous in assuming that such duty was absolute. Whether it was his duty to see if any one was under the cars depended on the circumstances and was a question of fact for the jury.

### 3.—Evidence.

Hearsay evidence held inadmissible.

Appeal from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

*Clark, Yantis & Clark,* for appellant.—Plaintiff's measure of damage for the death of child is the value of his services during his minority, less the expense of feeding and clothing. Texas & P. Ry. Co. v. Morin, 66 Texas, 135; Houston & T. C. Ry. Co. v. Nixon, 52 Texas, 23; Galveston, H. & S. A. Ry. Co. v. Worthy, 87 Texas, 465.

The charge as to the duty of the conductor is erroneous in that the undisputed evidence was to the effect that defendant's employees did not know of the perilous position of deceased. As a matter of law the employees were not required to presume the existence of a circumstance which under the conditions was extraordinary. Houston, E. & W. T. Ry. Co. v. Summers, 92 Texas, 621; Texas & P. Ry. Co. v. Breadow, 90 Texas, 26; Missouri, K. & T. Ry. Co. v. Cowles, 29 Texas Civ. App., 156; San Antonio Trac. Co. v. Kelleher, 48 Texas Civ. App., 421; Texas Mexican Ry. Co. v. Baldez, 43 S. W., 564; Fort Worth & D. C. Ry. Co. v. Shetter, 94 Texas, 196; Galveston-Harrisburg & S. A. Ry. Co. v. Keiff, 94 Texas, 334.

Evidence offered in the form of exhibits could not be identified by

hearsay testimony.   (Statement.)    Mrs. Maggie Kemendo, plaintiff
and mother of deceased was placed upon the stand and identified
the book as having belonged to the deceased and testified that
this book was brought home, she supposed, about thirty minutes
after the child was killed, by his brother Philip, and that Philip
returned home crying "Little Johnnie is killed, mama, here is his
book."    Witness further testified that on the morning of the acci-
dent she had examined the book before deceased had carried it to
school and that it was not broken or damaged.    Thereupon plain-
tiffs offered in evidence the book, which upon examination, showed
a crease or indentation across its back.    This evidence was intro-
duced for the purpose of contradicting the testimony of Alex Muhl,
introduced by the defendant, who testified that just before deceased
started under the car he gave him his book and said he was going
under and that witness told deceased not to go.

*Williams & Williams,* for appellees.—Persons operating trains in
crowded thoroughfares must use care commensurate with the danger,
and must take cognizance of established customs of people using the
thoroughfare and their habit of crossing under trains, when this
habit was well known to the agents and employees of the company.
Gulf, C. & S. F. Ry. Co. v. Griscom, 36 Texas Civ. App., 630; Gulf,
C. & S. F. Ry. Co. v. West, 36 S. W., 101; San Antonio & A. P. Ry.
Co. v. Morgan, 92 Texas, 102; Missouri, K. & T. Ry. Co. v. Magee,
92 Texas, 619; Chicago, G. W. Ry. Co. v. Kowalski, 92 Fed., 310;
Central Passenger Ry. Co. v. Kuhn, 6 S. W., 441; Fort Worth &
D. C. Ry. Co. v. Poteet, 53 Texas Civ. App., 44; Galveston, H. &
S. A. Ry. Co. v. Thompson, 116 S. W., 108; Hall v. Missouri Pac.
Ry. Co., 118 S. W., 65; Missouri, K. & T. Ry. Co. v. Cowles, 29
Texas Civ. App., 156; Texas-Mexican Ry. Co. v. Valdez, 43 S. W.,
564; Fort Worth & D. C. Ry. Co. v. Poteet, 53 Texas Civ. App., 44.

FISHER, Chief Justice.—This is a suit by the appellees against
the railway company for damages on account of the death of their
minor son.  The minor, about seven years of age, was killed in the city
of Waco, at one of the public street crossings.  The train of cars pulled
up to the crossing and stopped, and when in that position, the de-
ceased passed under or attempted to pass under one of the cars, when
the train was cut in two or disconnected at the crossing, the front
part of which was moved away from the crossing, and ran over the
deceased and killed him.

The grounds of negligence relied on by appellees are that the rail-
way company negligently failed to provide a watchman at that par-
ticular crossing, so as to warn the public of the approach of a train;
and that the employees in operation of the train negligently failed
to look out for and discover if anyone was in danger, before causing
the train to move.

A verdict and judgment was rendered in appellees' favor for the
sum of $2,000.

Appellant"s fifth assignment of error, which complains of the action

of the trial court in refusing to grant an application to continue, will not be considered, because the case will be reversed on other grounds.

Appellant's fifth assignment of error complains of the charge of the trial court on the measure of damages, which is to the effect that if the jury found for plaintiffs to assess their damages at such a sum as will compensate them for the pecuniary loss, if any, sustained by them by reason of the child's death, and in arriving at such sum, to take into consideration the reasonable value, if any, of the services of the child to the plaintiffs until he arrived at the age of twenty-one years. The complaint is that this charge makes no allowance for the cost of the maintenance and support of the child during that time. Since the decision of the Supreme Court in the McVey case (International & G. N. R. Co. v. McVey, 99 Texas, 31), this court has held that, in cases of this character, the charge, in submitting the measure of damages, should exclude those improper items which a jury might consider in determining the amount of damages that the plaintiff might be entitled to recover. By analogy the principle of that case applies to the charge in question. The charge instructs the jury that, in arriving at the pecuniary loss sustained by the plaintiffs, the jury should take into consideration the reasonable value of the services of the deceased child until he arrived at the age of twenty-one years. There is no qualification or limitation imposed upon this expression. It broadly informed the jury that the plaintiff is entitled to the reasonable value of the services of the child for that period of time. It nowhere makes any allowance for the support and maintenance of the child. Of course, it can not be disputed but that the cost of the support and maintenance of the child during that period should be deducted from what a jury might determine to be the reasonable value of the services of the child for that period of time. The least that can be said of the charge is that it is calculated to lead the jury to believe that they had the right to determine the reasonable value of the services of the child, independent of the question of charging the plaintiffs with the cost and expense of his maintenance. This charge is erroneous.

Appellant's fourth assignment of error complains of the fourth section of the court's charge. We are not sure that the assignment of error is broad enough to point out the objection we have discovered to the charge, and which will doubtless be corrected upon another trial. It occurs about the middle of the charge set out on page 13 of appellant's brief, and commences with the words: "Or if you believe from the evidence that the conductor in charge of said train failed to exercise ordinary care before having said train started and after it had stopped in crossing, to discover if the starting thereof would injure anyone, and that, had he exercised such care before signalling the engineer to start same, he would have discovered the perilous situation of the child, etc." The submission of this question as presented by the charge, is predicated upon the idea that it was the duty of the conductor to look out or to exercise ordinary care to discover if some one was under the train before starting the same. It assumes that this duty was burdened upon the conductor. This is

not correct. It was a question of fact as to whether or not the conductor is charged with the duty of looking out in order to discover if someone was in a perilous position before starting the train. There is evidence to the effect that this was a much used crossing, and that it was the habit and custom of pedestrians, when they found the crossing blocked by a train, to pass between the cars or under them, in order to cross the street; and the evidence upon this subject is of such a character that the jury might have concluded that the employees in charge of the train knew of such custom; and, if such was the case, also have reached the conclusion that the exercise of ordinary care for the safety of the public would have required them, before starting the train, to look out in order to discover if someone was under the train or between the cars and attempting to cross. The court should not have assumed that the duty to look out existed, but should have left that question to the jury.

Much of the evidence of Mrs. Maggie Kemendo, complained of in the eighth assignment of error, was admissible. Part of it was not. Her testimony identifying the book as belonging to the deceased child was properly admitted, and also the information she received from her son Philip that the deceased was killed, but it was not proper to admit what he said with reference to the book. The appearance of the book, as testified to by her, was also admissible.

We have pointed out what we consider to be the errors presented in appellant's brief. The remaining assignments have been carefully considered, and we are of the opinion they present no reversible error. We do not deem it necessary that they should be discussed.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*